## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUNDES GARRETT, | : Civil No. 3:26-CV-1338 |
| | : |
| Plaintiff, | : |
| | : (Judge Munley) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| TV HARDWARE | : |
| DISTRIBUTION, LLC, et al., | : |
| | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is a civil action filed by the *pro se* plaintiff, Lundes Garrett.[1] Garrett's complaint alleges that in June of 2025, he was working as a driver "performing delivery duties for Ryder System Inc."[2]  He asserts that the defendant companies required third-party drivers like himself "to use manual pallet jacks for loads up to 4,000 pounds[,]" despite "known risks of musculoskeletal disorders."[3] Thus, he claims that the defendants provided him with equipment that it "knew posed a

---

[1] Doc. 1.

[2] *Id.* ¶ 1.

[3] *Id.* ¶¶ 3-4.

significant risk of serious physical harm," and that the plaintiff suffered injuries to his back and shoulder.[4]

While not entirely clear from the complaint, Garrett seems to assert claims against the defendants sounding in negligence.[5]   However, the complaint also vaguely references the Occupational Safety and Health ("OSH") Act, asserting that at some unidentified time, the defendants made "deceptive statements" to the Occupational Safety and Health Administration ("OSHA") regarding this practice.[6]   As relief, Garrett requests compensatory and punitive damages.[7]

Along with the complaint, Garrett filed a motion for leave to proceed *in forma pauperis*.[8]   After consideration, we will recommend that the motion for leave to proceed IFP be granted for screening purposes only, but that the plaintiff's complaint be dismissed.

---

[4] *Id.* ¶¶8-9.
[5] *Id.* ¶¶ 7-13.
[6] *Id.* ¶ 12.
[7] *Id.* at 2-3
[8] Doc. 2.

## II.   Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.[9]   We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[10]   This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[11]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[12] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the

---

[9]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).
[10]  *Id.*
[11]  Fed. R. Civ. P. 12(b)(6).
[12]  Fed. R. Civ. P. 8(a)(2).

complaint as true and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[13]   However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[14]

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[15]

---

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[14] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").
[15] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

4

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[16]   A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[17]   Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[18]   However, the court may not rely on any other part of the record when deciding a motion to dismiss.[19]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[20]   We must apply the relevant law even if the *pro se* plaintiff

---

[16] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[17] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[18] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[19] *Jordan*, 20 F.3d at 1261.

[20] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

5

does not mention it by name.[21]

## B. This Complaint Should be Dismissed.

After consideration, we conclude that the complaint violates Federal Rule of Civil Procedure 8 and should be dismissed. Rule 8 dictates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[22] It is well established that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"[23] A complaint must contain "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[24]

Here, to the extent that Garrett is attempting to bring a claim against the defendant under the OSH Act, "[t]he Third Circuit and courts in this district have consistently concluded that OSHA does not create a

---

[21] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).
[22] Fed. R. Civ. P. 8(a)(2).
[23] *Fowler*, 578 F.3d at 211 (citations omitted).
[24] *Id.* (citing *Twombly*, 550 U.S. at 555).

6

private right of action for individuals to enforce its provisions." [25] Rather, as the Court of Appeals has recognized, the Act provides for a limited private right of action, in that employees have "the right to 'bring an action against the Secretary . . . for a writ of mandamus to compel the Secretary to seek such an order [under § 662(a)] and for such further relief as may be appropriate.'"[26]   Here, nothing in Garrett's complaint can be construed as invoking this limited private right of action under the OSH Act.   Accordingly, the complaint fails to state a claim in this regard.

Additionally, to the extent Garrett attempts to invoke this court's diversity jurisdiction,[27] the complaint fails to allege the requisite amount in controversy to invoke diversity jurisdiction.   We have jurisdiction under 28 U.S.C. § 1332(a)(1) where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is

---

[25] *McDaniel v. Occupational Safety and Health Admin.*, 2025 WL 3707322, at *4 (D.N.J. Dec. 22, 2025) (collecting cases).

[26] *Doe I v. Scalia*, 58 F.4th 708, 711 (3d Cir. 2023) (quoting 29 U.S.C. § 662 (d)).

[27] *See* Doc. 1-1 (selecting diversity jurisdiction as a basis for this action).

between citizens of different states[.]"[28]   As currently pleaded, there are no allegations in the complaint from which we can even infer that the complaint sets forth the requisite amount in controversy to invoke diversity jurisdiction.   Rather, Garrett explicitly appears to contend that his claims are brought on the basis of federal question jurisdiction.[29] But as we have explained, Garrett's claims are not properly brought under federal law.   Accordingly, Garrett has failed to demonstrate the requirements to invoke diversity jurisdiction over this action.

However, while we have concluded that this complaint fails at this time, recognizing that the plaintiff is *pro se*, we recommend that the complaint be dismissed without prejudice to afford the plaintiff an opportunity to amend the complaint to endeavor to state a claim upon which relief may be granted.[30]

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED

---

[28]   28 U.S.C. § 1332(a)(1).

[29]   *See* Doc. 1 at 1.

[30]   *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

THAT the plaintiff's motion for leave to proceed IFP be conditionally GRANTED, but that the complaint be DISMISSED without prejudice to the plaintiff filing an amended complaint within 21 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of May 2026.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge