IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUNDES GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>TV HARDWARE DISTRIBUTION, LLC, and TRUE VALUE COMPANY<br><br>Defendants. | Civil No. 3:26-CV-1338<br><br>(Judge Munley)<br><br>(Chief Magistrate Judge Bloom) |

## REPORT AND RECOMMENDATION

### I. Introduction

The plaintiff, Lundes Garrett, filed the instant *pro se* civil action in May of 2026, alleging he was injured while employed as a third-party delivery driver for Ryder System Inc. ("Ryder System"), where he transported freight for the defendants, TV Hardware Distribution, LLC and True Value Company (collectively, "True Value").[1] Garrett also filed a motion for leave to proceed *in forma pauperis* ("IFP").[2] The court granted Garrett's motion for leave to proceed IFP for screening purposes only, but dismissed Garrett's initial complaint pursuant to 28 U.S.C. §

[1] Doc. 1.
[2] Doc. 2.

1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[3]

In June of 2026, Garrett filed an amended pleading, presently before the Court for screening.[4] True Value filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted as matter of law and plead facts with particularity to establish entitlement to relief.[5] For the following reasons, we recommend the plaintiff's negligence claim based on True Value's duty as the hiring party of Ryder System be served on the defendants and the requested relief, including punitive damages, be served upon True Value. As to all remaining claims, we recommend dismissal with prejudice for failure to state a claim upon which relief can be granted.

## II. Statement of Facts and of the Case

Garrett's amended complaint alleges that in June of 2025, he was working as a "third-party driver for Ryder System" where he transported freight from True Value's distribution center to its stores and business

[3] Docs. 5, 7.
[4] Doc. 6.
[5] Doc. 10; *See also* Doc. 11.

locations.[6] He asserts True Value mandated third-party drivers like himself use manual pallet jacks for loads up to 4,000 pounds, despite "known musculoskeletal disorder (MSD) risks."[7] Garrett claims, "[o]n June 18, 2025, while attempting to execute these hazardous unloading maneuvers under the operational protocols and equipment mandates enforced by [True Value] across their store network, [Garrett] sustained severe, debilitating, and permanent injuries to his back and shoulder."[8]

Garrett also alleges that, following an administrative safety complaint regarding this practice, True Value "deliberately made fraudulent misrepresentations to federal investigators in a letter dated June 30, 2025, falsely claiming that 'no such hazard exists,' that they 'do not have any employees with the job title driver,' and explicitly claiming that third-party drivers 'do not unload trailers' at their locations."[9] Garrett contends True Value actively concealed these practices to "evade regulatory penalties and bypass safety remediation, directly resulting in the continuation of unsafe conditions at their designated stores and

---

[6] Doc. 6 ¶ 8.
[7] *Id.* ¶¶ 9–10.
[8] *Id.* ¶ 11.
[9] *Id.* ¶ 13.

causing [him] tremendous ongoing physical pain and financial suffering."[10]

Garrett asserts various state law claims against True Value, including third-party negligence, premises liability, fraudulent concealment, and misrepresentation.[11] As relief, Garrett requests compensatory and punitive damages.[12] After consideration, we will recommend the plaintiff's negligence claim based upon True Value's duty as an employer of a contractor and the requested relief, including punitive damages, be served upon True Value. As to all remaining claims, we recommend dismissal with prejudice for failure to state a claim upon which relief can be granted.

## III. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma*

---

[10] *Id.* ¶ 15.
[11] *Id.* ¶¶ 16–24. The amended complaint alleges that the parties are residents of different states, and the amount in controversy exceeds $75,000, meeting the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Doc. 6 ¶¶ 1-6.
[12] *Id.* at 4.

*pauperis*.[13] We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[14] This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[15]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[16] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true and accept "all reasonable inferences that can be drawn

---

[13] *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court's screening review of a complaint mirrors the standard applied when considering a motion to dismiss, we consider the motion to dismiss together with our mandatory screening of the complaint in this Report and Recommendation. *See Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018) (noting that the standards for "[w]hether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).").
[14] *Id.*
[15] Fed. R. Civ. P. 12(b)(6).
[16] Fed. R. Civ. P. 8(a)(2).

from them after construing them in the light most favorable to the non-movant."[17] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[18]

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. . . . In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. . . . As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. . . . This "plausibility" determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[19]

Generally, when considering a motion to dismiss, a court relies on

---

[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[18] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").
[19] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citation modified).

the complaint and its attached exhibits, as well as matters of public record.[20] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[21] Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[22] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[23]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[24] We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[25]

---

[20] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).
[21] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).
[22] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).
[23] *Jordan*, 20 F.3d at 1261.
[24] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).
[25] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

### B. Count I of the Complaint for Negligence Should be Dismissed in Part.

The defendant asserts that Garrett's amended complaint violates Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[26] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[27] In accordance with our liberal construction, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[28]

Under these liberal standards, Garrett's *pro se* complaint satisfies the requirements of Rule 8. Garrett alleges True Value breached its duty of care by mandating third-party regional contract drivers, including Garrett, use manual jacks to move pallets weighing up to 4,000 pounds and, as a result, on June 18, 2025, Garrett sustained injuries to his back

---

[26] Fed. R. Civ. P. 8(f).
[27] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).
[28] *Id.* (internal citation and quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

and shoulder "while attempting to execute these hazardous unloading maneuvers . . . ."[29] Accordingly, Garrett pleads enough facts to sufficiently inform True Value of the nature and basis of his negligence claim.

The fact that the complaint provides fair notice, however, does not equate to stating a plausible claim for relief. Garrett's negligence claim asserts two theories of liability against True Value. Garrett first argues True Value, as a landowner, owes a duty to "business invitees" who perform work on its premises.[30] Garrett also appears to argue True Value, as an entity that hired Ryder System for the performance of certain work, owes a duty to the "third party drivers" employed by Ryder System.[31] Only the latter theory plausibly states a claim for relief—and only narrowly. We therefore recommend that the portion of the Complaint asserting a negligence claim based on True Value's duty as the hiring party of Ryder System be served on the defendants.

[29] Doc. 6 ¶¶ 10–12.
[30] *Id.* ¶ 17.
[31] *Id.* ¶ 18.

1. <u>Negligence Claim – Duty as Employer of Contractor</u>

"In Pennsylvania, the general rule is that a property owner who hires an independent contractor is 'not responsible for the acts or omissions of such independent contractor or his employees.'"[32] Yet, this general rule is not without exceptions.[33]

"The first exception is for 'retained control': the hiring party owes a duty to the contractor's employees if the hiring party retains control over the means and methods of the contractor's work."[34] "The second exception is for "peculiar risks": a hiring party owes a duty to the contractor's employees if the work being performed poses a special danger or is particularly risky."[35] In the instant action, the plaintiff just

---

[32] *Figured v. Carrizo (Marcellus), LLC*, 751 F. App'x 308, 310 (3d Cir. 2018) (quoting *Beil v. Telesis Constr., Inc.*, 608 Pa. 273, 11 A.3d 456, 466 (2011)); *Maghakian v. Cabot Oil & Gas Corp.*, 171 F. Supp. 3d 353, 360 (M.D. Pa. 2016) ("In the construction context, a party that hires a general or independent contractor is generally exempt from liability for injuries sustained by the general contractor's employees.").
[33] *See Poehmel v. Aqua Am. Pennsylvania, Inc.*, No. 3:10-CV-2372, 2013 WL 27493, at *2 (M.D. Pa. Jan. 2, 2013).
[34] *Warnick v. Home Depot U.S.A., Inc.*, 516 F. Supp. 2d 459, 466 (E.D. Pa. 2007); *See* Restatement (Second) of Torts § 414 (Negligence in Exercising Control Retained By Employer).
[35] *Warnick*, 516 F. Supp. 2d at 466; *See* Restatement (Second) of Torts § 416 (Work Dangerous in the Absence of Special Precautions) and § 427 (Negligence as to Danger Inherent in the Work).

barely states a claim against True Value under the retained control exception.

"The 'retained control' exception applies if the hiring party retains control over the methods and means of the contractor's work."[36] The Restatement explains this exception applies in limited circumstances:

> [T]he employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.[37]

Here, Garrett alleges that True Value "intentionally mandated that third-party regional contract drivers, including [Garrett], utilize unmaintained manual pallet jacks to handle . . . pallets weighing up to 4,000 pounds" and that he was injured "while attempting to execute these

---

[36] *Warnick*, 516 F. Supp. 2d at 466 (citing Restatement (Second) of Torts § 414 (imposing a duty of reasonable care to a contractor's employees on "[o]ne who entrusts work to an independent contractor, but who retains the control of any part of the work")).
[37] *Maghakian*, 171 F. Supp. 3d at 360–61 (citation modified) (quoting Restatement (Second) of Torts § 414, cmt. c).

hazardous unloading maneuvers under the operational protocols and equipment mandates enforced by [True Value] . . . ."[38] Accepting all of the complaint's well-pleaded facts as true, as we must at this stage, Garrett alleges just enough facts to support the inference that True Value retained control over the methods and manner of Ryder System and its employees' work. Accordingly, Garrett states a sufficient negligence claim based upon True Value's alleged failure to exercise its control with reasonable care.[39]

Having concluded the "retained control" exception applies, the court need not reach "peculiar risk" exception. Nevertheless, the "peculiar risk" exception is inapplicable because it only arises where "(1) 'the risk is foreseeable to the owner at the time the contract is executed' and (2) 'the risk is different from the usual and ordinary risk associated with the general type of work done.'"[40] As alleged, Garrett's activity was

---

[38] Doc. 6 ¶¶ 10–11.
[39] *See* Restatement (Second) of Torts § 414 ("One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.").
[40] *Warnick.*, 516 F. Supp. 2d at 469 (quoting *Farabaugh v. Pennsylvania Turnpike Com'n*, 911 A.2d 1267, 1277 (Pa. 2006)).

delivering heavy freight and the manner in which the work was done–use of a manual jack–presented an unreasonable hazard.[41] Yet, the task itself did not present a risk materially different from the risks ordinarily encountered by people who perform that type of work.[42] Therefore, the "peculiar risk" doctrine does not provide a basis for relief.

2. Negligence Claim – Duty as Landowner

"The general rule is that a possessor of land owes a duty to business invitees, such as employees of independent contractors, where a non-obvious dangerous condition exists on the possessor's land."[43] The duty does not attach where the condition is obvious or where "the contractor is in the same position as the landowner to discover the dangerous condition or if the contractor is the party that created the dangerous condition in the first place."[44]

[41] Doc. 6 ¶¶ 17–18.
[42] *See Marshall*, 587 F. Supp. at 264 (finding that "the job of moving the heavy gate, assuming it had been done with routine and proper care, did not involve any type of risk which could be considered different from the normal risks borne by persons doing this kind of work.").
[43] *Warnick*, 516 F. Supp. 2d at 465; *see* Restatement (Second) of Torts § 343 (Dangerous Conditions Known or Discoverable By Possessor).
[44] *Id.* at 465–66.

Here, Garrett argues True Value owed a duty to him as a business invitee "to maintain a safe unloading environment and to provide tools and equipment free from known, unreasonable hazards."[45] Yet, a landowner's duty only extends to "non-obvious" conditions.[46] A manual jack, by its very nature, is a visible mechanical lifting device that requires the use of human force. The alleged dangerousness of "manual pallet jacks to handle, move, and unload extraordinarily heavy pallets weighing up to 4,000 pounds" was readily apparent.[47] Therefore, True Value had no duty to warn of an obvious condition where Garrett and/or Ryder System knew or should have known of the condition themselves, and we will recommend dismissal of his negligence claim under this theory with prejudice.

---

[45] Doc. 6 ¶ 17.
[46] *See Warnick*, 516 F. Supp. 2d at 467 (holding Home Depot had no duty to warn a contractor's employee of the dangerousness of an unsecured board resting high above the ground because the condition was obvious).
[47] Doc. 6 ¶ 18.

### C. Count II of the Complaint for Fraudulent Concealment and Misrepresentation should be Dismissed with Prejudice.[48]

Garrett also asserts claims for fraudulent concealment and misrepresentation relating to the administrative complaint he made. "Under Pennsylvania law, the tort of intentional or fraudulent misrepresentation consists of the following elements: (1) a false representation of an existing fact or nonprivileged failure to disclose, (2) which is material to the transaction at hand, (3) made with knowledge of its falsity or recklessness as to whether it is true or false, (4) with the intention of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) a resulting injury proximately caused by the reliance."[49]

---

[48] Although the complaint purports to assert fraudulent concealment as a basis for relief, fraudulent concealment is not a cause of action—it is an equitable doctrine that tolls the statute of limitations *See Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 509 (3d Cir. 2006). There is no allegation that any action by True Value prevented Garrett from recognizing and timely asserting a claim against True Value. Thus, we will recommend this portion of the complaint be dismissed with prejudice because the doctrine is inapplicable and does not provide a basis for relief.

[49] *See Tran v. Metro. Life Ins. Co.*, 408 F.3d 130, 135 (3d Cir. 2005) ("Both fraudulent and negligent misrepresentation claims require the [plaintiff] to show that [he] "justifiably relied" upon the misrepresentation.").

Here, putting any alleged falsity aside, there are no facts to support a claim that True Value made any false statements of material fact *to Garrett*, which *Garrett* justifiably relied upon to his detriment. Although Garrett alleges that "[True Value's] fraudulent concealment directly allowed these regional safety hazards to persist unabated, directly causing and exacerbating [his] physical exposure, culminating in severe, permanent bodily injury[,]" this fails to support an inference that Garrett justifiably relied upon any representation by True Value.[50] Because Garrett cannot establish fraudulent misrepresentation as a matter of law, we will recommend that this claim be dismissed with prejudice.

D. <u>Count III of the Complaint as a Stand-Alone Claim for Punitive Should Be Dismissed with Prejudice.</u>

"The law of punitive damages in Pennsylvania is settled: '[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'"[51] Punitive damages are an element of damages, not an

[50] Doc. 6 ¶ 24.
[51] *Ruehl v. S.N.M. Enterprises, Inc.*, No. 1:15-CV-00168, 2015 WL 2374256, at *3 (M.D. Pa. May 18, 2015) (quoting *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742, 746–47 (Pa.1984) (quoting Restatement (Second) of Torts § 908)).

independent cause of action.[52] Yet, Count III of Garrett's complaint asserts a "claim for punitive damages."[53] Thus, to the extent that Garrett brings punitive damages as an independent cause of action, we recommend it be dismissed with prejudice.

Otherwise, to the extent that Garrett seeks punitive damages as part of his requested relief, we will not recommend dismissal on this basis. Garrett alleges that True Value "intentionally mandated that third-party regional contract drivers, including Plaintiff, utilize unmaintained manual pallet jacks to handle, move, and unload extraordinarily heavy pallets" despite "prohibiting their own direct warehouse staff from utilizing manual pallet jacks.to handle or move heavily loaded freight due to an internal assessment of known [MSD] risks."[54] At this stage, accepting the complaint's well-pleaded fact as true, Garrett could establish a reckless indifference to the risk of harm posed to third party drivers, such as Garrett.

---

[52] *Id.* (citing *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("If no cause of action exists, then no independent action exists for a claim of punitive damage since punitive damages is only an element of damages.").
[53] Doc. 6 at 4.
[54] *Id.* ¶¶ 9–10.

## IV. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED THAT the defendant's motion to dismiss be GRANTED IN PART and DENIED IN PART as follows:

1. The motion should be DENIED as to Garrett's negligence claim based on True Value's duty as the hiring party of Ryder System, and this claim be SERVED on the defendant;[55]
2. The motion should be DENIED as to Garrett's request for punitive damages; and
3. The motion should be GRANTED as to the remainder of Garrett's claims, and these claims should be dismissed with prejudice.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

[55] Because the defendants have already appeared in this action and filed a motion, we request that the defendants waive formal service.

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of October 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge