**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUNDES GARRETT,** <br> **Plaintiff** <br><br> **v.** <br><br> **TV HARDWARE DISTRIBUTION, LLC; and TRUE VALUE COMPANY,** <br> **Defendants** | : | **No. 3:26cv1338** <br><br> **(Judge Munley)** <br><br> **(Chief Magistrate Judge Bloom)** |

# ORDER

Before the court is a report and recommendation from Chief United States Magistrate Judge Daryl F. Bloom in this personal injury matter premised on the court's diversity jurisdiction. (Doc. 13). There are no objections to resolve, and the R&R will be adopted. In review of the record, however, the court discovered some discrepancies regarding service, which require clarification before this matter proceeds any further.

According to Plaintiff Lundes Garrett, he sustained injuries delivering freight to True Value hardware stores for a third-party delivery company. (Doc. 6, Am. Compl. ¶¶ 8, 11). Garrett allegedly injured his back and shoulder while using "unmaintained manual pallet jacks to handle, move, and unload extraordinarily heavy pallets weighing up to 4,000 pounds" as mandated by defendants' policies. Id. ¶ 10. Count I of the amended complaint advances claims for negligence under two different legal theories. Id. ¶¶ 16–20. Count II asserts that defendants

are liable for fraudulent concealment and misrepresentation. Id. ¶¶ 21–24. Count III is a standalone claim for willful and wanton conduct and requests punitive damages as a result. Id. ¶¶ 25–30. Plaintiff also requests punitive damages in his requests for relief. Id. at 4.

Garrett proceeds pro se and in forma pauperis. Previously, the court adopted an R&R and dismissed plaintiff's initial complaint without prejudice. (Doc. 7 ¶¶ 1–3). That prior order also accepted plaintiff's extemporaneous amended complaint as the operative pleading and referred that filing to Chief Magistrate Judge Bloom for preliminary review under 28 U.S.C. § 1915(e)(2). (Doc. 7 ¶ 5).

Here is where matters need to be clarified. There is no evidence that the amended complaint was served on defendants by the United States Marshals as is the usual course with IFP complaints. 28 U.S.C. § 1915(d). There is also no evidence of record that plaintiff served defendants with the amended complaint. Nonetheless, counsel for defendants entered an appearance on June 23, 2026. (Doc. 8). That same date, counsel for defendants also filed an ostensible stipulation for an enlargement of time to respond to the amended complaint. (Doc. 9). The purported stipulation further provides: "[Defense counsel] is authorized to accept service of the Plaintiff's Amended Complaint on behalf of the aforesaid Defendants, and acknowledges receipt of service of the Plaintiff's

Amended Complaint as of the date of set forth herein[.]" Id. Despite that verbiage, the stipulation is not signed by the plaintiff.

Moving to the substance of the pending R&R, defendants responded to the amended complaint with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) within the timeframe contemplated by the above-referenced document. (Doc. 10). In considering the defendants' arguments in support of dismissal under the Rule 12(b)(6) standard and engaging in review of the amended complaint under the parallel "fails to state a claim" language of § 1915(e)(2)(B)(ii) as requested, Chief Magistrate Judge Bloom recommends that the motion to dismiss be granted in part and denied in part.

Specifically, the R&R recommends dismissal of all claims except that the portion of plaintiff's negligence claim based on defendants' duty as an employer of a contractor survives the motion to dismiss. (Doc. 13 at 8–15). Additionally, the R&R recommends dismissal of Garrett's claim for punitive damages in the willful and wanton conduct count of his amended complaint, but with clarification that plaintiff's request for punitive damages should remain in this action as a form of requested relief. Id. at 16–17.

The R&R was served on the parties October 26, 2026. By statute, the parties had 14 days from receipt to file objections. 28 U.S.C. § 636(b)(1)(C). Neither party responded to the R&R in that period. Seeing no objections or other responses, the R&R is ready for review.

In deciding whether to adopt an R&R when no objections are filed, the court is prompted to provide "some reasoned consideration" of the dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also FED. R. CIV. P. 72, NOTES OF ADVISORY COMMITTEE ON RULES—1983 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

After a careful review, the court finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court will adopt the R&R in its entirety. Shifting back to the apparent stipulation about service, the R&R also recommends that the remaining part of the negligence claim be served on the defendants under 28 U.S.C. § 1915(d) with a request that the defendants waive formal service. (Doc. 10 at 18 & n.55). The court, aligned with the R&R, will also request clarification of that subject matter before taking further action.

Accordingly, it is hereby **ORDERED** as follows:

1) The R&R, (Doc. 13), is **ADOPTED** in its entirety;
2) Defendants' motion to dismiss, (Doc. 10), is **GRANTED** in part and **DENIED** in part;
3) The motion is **DENIED** with respect to Garrett's negligence claim based on defendants' duty as the hiring party of the delivery company;
4) The motion is **DENIED** as to Garrett's request for punitive damages;
5) The motion is otherwise **GRANTED**;
6) Garrett's claims based on defendants' duty as a landowner and claims for fraudulent concealment and misrepresentation are **DISMISSED** with prejudice; and
7) Defendants shall file a status report on or before **November 24, 2026** as to whether they previously waived service through the filing of the stipulation or whether they will otherwise agree to waive formal service of the amended complaint pursuant to Federal Rule of Civil Procedure 4(d).

Date: 11/18/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court